Patrick T. Holscher
Schwartz, Bon, Walker & Studer, LLC
141 S. Center, Suite 500
Casper, WY  82601
Tel: 307-235-6681
Fax:  307-234-5099
pat@schwartzbon.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| SHANE LIMMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  22-CV-198-ABJ |
| | ) | |
| UZTRANS, INC., an Illinois Corporation, | ) | |
| OMAR HASSAN and SHAFIE ABUKAR | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff, Shane Limmer, by and through his attorney, and for his *Complaint* against

Defendants, states and alleges as follows:

### I.     PARTIES TO THE ACTION

1.      Plaintiff, Shane Limmer is a resident of Worland, Wyoming.

2      Defendant, Omar Hassan ("Hassan"), is a resident of Naperville, Illinois and was

an employee of Defendant, Uztrans, Inc., ("Uztrans").

3.      Plaintiff asserts that Hassan was acting in the course and scope of his employment,

at the time of this incident.

4.      Upon reasonable information and belief, Defendant, Shafie Abukar ("Abukar"), is

a resident of Naperville, Illinois and was an employee of Uztrans.

5.     Plaintiffs asserts that Abukar was acting in the course and scope of his employment, at the time of this accident.

6.     Uztrans is duly registered corporation with the Illinois Secretary of State with its main office located in Naperville, Illinois. On information and belief, Uztrans is a federal motor carrier and was conducting such business in and around Washakie County, Wyoming at the time of the accident.

## II.    JURISDICTION AND VENUE

7.     This is a civil action asserted by Plaintiffs involving claims in an amount exceeding $75,000.00, excluding interest and costs. The Plaintiffs and Defendants in this action are citizens of different states. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

8.   The motor vehicle accident giving rise to the Plaintiff's claims against Defendants herein occurred in Washakie County, Wyoming. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## III.    STATEMENT OF FACTS

9.     On March 1, 2020, Hassan and Abukar were in control of a tractor trailer owned by Uztrans in the area of U.S. Highway 16 and mile marker 36 in Washakie County, Wyoming.

10.    On that date, the weather was snowy, and the roads were snow covered.

11.    The Uztrans tractor trailer unit did not have chains as required pursuant to W.S. §31-5-956.

12.    The Uztrans vehicle was traveling eastbound on U.S. Highway 36 when Hassan and Abukar lost control of the tractor trailer unit.

13.     Hassan and/or Abukar attempted to negotiate a U-Turn and became stuck blocking the east and westbound lanes of travel.

14.     Hassan and/or Abukar abandoned the tractor trailer blocking the roadway.

15.     On reasonable information and belief, at all relevant times, Hassan and Abukar were in the course and scope of their employment with Uztrans.

16.     Hassan and Abukar were employed as professional truck drivers with a duty to be aware of the legal requirements pertaining to trucks operating on Wyoming's highways at all times, including in inclement conditions.

17.     Plaintiff Shane Limmer was driving his Ford F-150 and traveling eastbound on U.S. Highway 16 near mile market 36 around 6:30 a.m.

18.     Plaintiff Shane Limmer unavoidably collided with the Uztrans tractor trailer that was blocking the roadway.

19.     Defendant Hassan had a duty to operate his vehicle safely and in accordance with state and local laws and regulations.

20.     Defendant Hassan breached these and other applicable duties.

21.     As a direct and proximate cause of Defendant Hassan's breach of these duties and others, Plaintiff Shane Limmer has suffered physical injuries and damages including, but not limited to, past and future medical expenses, past and future loss of earnings and other economic loss, loss of his ability to earn, loss of enjoyment of life, physical and mental pain and suffering, and permanent disability.

22.     Defendant Abukar had a duty to operate his vehicle safely and in accordance with state and local laws and regulations.

23.     Defendant Abukar breached these and other applicable duties.

24.     As a direct and proximate cause of Defendant Abukar's breach of these duties and others, Plaintiff Shane Limmer has suffered physical injuries and damages including, but not limited to, past and future medical expenses, past and future loss of earnings and other economic loss, loss of his ability to earn, loss of enjoyment of life, physical and mental pain and suffering, and permanent disability.

25.     Defendant Uztrans had duty to properly hire, train, and supervise its employees, including Defendant Hassan and Defendant Abukar.

26.     Defendant Uztrans had a duty to properly equip its trucks, including the duty to equip the trucks with tire chains.

27.     Defendants Abukar and Hassan had a duty to see that the trucks they were driving were properly equipped and to equip them if they were not properly equipped.

28.     On information and belief, Defendant Uztrans failed to properly hire, train, equip or supervise Defendants Hassan and Abukar, and therefore breached its duty. As a direct and proximate result of Uztrans breach of duties and those of Hassan and Abukar, Plaintiff Shane Limmer has suffered physical injuries and damages including, but not limited to, past and future medical expenses, past and future loss of earnings and other economic loss, loss of his ability to earn, loss of enjoyment of life, physical and mental pain and suffering, and permanent disability.

## IV.     **FIRST CLAIM FOR RELIF- – – NEGLIGENCE OF HASSAN**

29.     Plaintiffs incorporate the above allegations as if fully set forth herein.

30.     Defendant Hassan was negligent and reckless in causing this crash, in acting in ways that gave rise to it, and in actions following the crash. Hassan's negligent and reckless acts include, but are not limited to:

a.      Failing to keep a proper lookout;

4

b.    Driving carelessly if he was driving at the time of the accident.

c.    Driving too fast for conditions or in allowing the same to occur;

d.    Driving recklessly or in allowing the same to occur;

e.    Failing to heed warnings;

f.    Driving in a manner which was not reasonable under the circumstances or in allowing the same to occur;

g.    Violating traffic control laws and regulations.

h.    Failing to properly equip and outfit the truck for conditions.

i.    Leaving a disabled truck in the road where it constituted a hazard to the traveling public.

31.    As a direct and proximate result of Defendant Hassan's negligence and recklessness, Plaintiffs have suffered, and Plaintiff will continue to suffer, significant injury and damages in an amount to be proven at trial.

### V.  SECOND CLAIM FOR RELIEF – NEGLIGENCE OF ABUKAR

32.    Plaintiffs incorporate the above allegations as if fully set forth herein.

33.    Defendant Abukar was negligent and reckless in causing this crash, in acting in ways that gave rise to it, and in actions following the crash. Abukar's negligent and reckless acts include, but are not limited to:

j.    Failing to keep a proper lookout;

k.    Driving carelessly if he was driving at the time of the accident.

l.    Driving too fast for conditions or in allowing the same to occur;

m.    Driving recklessly or in allowing the same to occur;

n.    Failing to heed warnings;

o.  Driving in a manner which was not reasonable under the circumstances or in allowing the same to occur;

p.  Violating traffic control laws and regulations.

q.  Failing to properly equip and outfit the truck for conditions.

r.  Leaving a disabled truck in the road where it constituted a hazard to the traveling public.

34.    As  a  direct  and  proximate  result  of  Defendant  Abukar's  negligence  and recklessness, Plaintiffs have suffered, and Plaintiff will continue to suffer, significant injury and damages in an amount to be proven at trial.

## VI.    THIRD CLAIM FOR RELIEF – NEGLIGENT HIRING, TRAINING, EQUIPPING AND SUPERVISION BY UZTRANS, INC.

35.    Plaintiffs incorporate the above allegations as if fully set forth herein.

36.    At all material times, Defendants Hassan and Abukar were employees and agents of Uztrans, Inc.

37.    Defendants Uztrans, Inc. owed a duty of reasonable care to Plaintiffs and other members of the public to hire competent, qualified, and safe employees, particularly truck drivers and to equip them for conditions.

38.    Defendants Uztrans, Inc. owed a duty of reasonable care to Plaintiffs and other members of the public properly supervise their employees, particularly truck drivers such as Defendant Hassan.

39.    Defendants Uztrans, Inc. owed a duty of reasonable care to Plaintiffs and other members of the public to properly train their employees, particularly truck drivers such as Defendant Hassan.

40.     Upon information and belief, Defendants Uztrans, Inc., and each of them, breached its respective duty to Plaintiffs, and other members of the public, to hire properly and adequately train, equip, and supervise its employees, including Defendant Hassan.

41.     As a direct and proximate result of Defendant Uztrans negligent hiring, training, equipping and supervision, Plaintiffs has suffered will continue to suffer, significant injury and damages in an amount to be proven at trial.

## VII.  FOURTH CLAIM FOR RELIEF – VICARIOUS LIABILITY OF UZTRANS, INC.

42.     Plaintiff incorporates the above allegations as if fully set forth herein.

43.     Defendant Hassan and Abukar were negligent in abandoning the tractor trailer in the roadway. Hassan's negligent acts include, but are not limited to:

a.      Failing to place tire chains on the tractor trailer;

b.      Failing to maintain control of the tractor trailer;

c.      Failing to drive in a reasonable manner under the circumstances;

d.      Violating other traffic laws and regulations applicable to federal motor carriers.

44.     As a direct and proximate result of Defendant Hassan's and Abukar's negligence, Plaintiff Shane Limmer has suffered, and will continue to suffer, significant injury and damages in an amount to be proven at trial.

45.     At all relevant times, Defendants Hassan and Abukar were acting in the course and scope of his employment with Uztrans.

## VIII.  PUNTIVE DAMAGES

46.     Plaintiff incorporates the above allegations as if fully set forth herein.

47.     Defendants Hassan and Abukar's willful acts of driving in an unsafe and dangerous manner and abandoning their truck and trailer on the highway while knowing that oncoming

vehicles could not see him in reckless disregard of the consequences, was willful, wanton, reckless and almost certain to lead to serious injury or death to oncoming motorists, including Plaintiff. Punitive and exemplary damages should also be awarded in an amount, to be proven at trial, sufficient to punish Defendants Hassan and Abukar for their willful and wanton misconduct, and to deter future misconduct of the same type on Wyoming's roads.

## JURY DEMAND

Plaintiffs hereby request a jury trial on all claims and issues in this case in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

DATED this _____ day of September 2022.

Patrick T. Holscher, WY Bar No. 5-2724
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Ste. 500
Casper, WY 82601
(307) 235-6681 Phone
(307) 234-5099 Facsimile
pat@schwartzbon.com
*Attorney for Plaintiff*